FILED

**UNITED STATES DISTRICT COURT** FEB 26  PM 3: 05
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION** CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

NORTH POINTE
INSURANCE COMPANY,

CASE NO.:

Plaintiff,                                    3 : 13 cv-208 J-99TJC- TEm

vs.

SIMONEAU ELECTRIC LLC, MICHAEL
SIMONEAU, DARREL W. CARVER,
ANTHONY B. DAVIS, ROBERT THOMPSON,
DANIEL HANCOCK, and RONNIE'S FOOD MART,

Defendants.
_____/

## PLAINTIFF, NORTH POINTE INSURANCE COMPANY'S
## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, Plaintiff, NORTH POINTE INSURANCE COMPANY (NORTH

POINTE) by and through its undersigned counsel and brings this action for declaratory judgment

against Defendants SIMONEAU ELECTRIC LLC, MICHAEL SIMONEAU, ANTHONY B.

DAVIS, ROBERT THOMPSON, DANIEL HANCOCK, and RONNIE'S FOOD MART.

### NATURE OF THE ACTION

1.      This is an action for Declaratory Judgment to determine NORTH POINTE'S

obligations under an insurance policy issued to SIMONEAU ELECTRIC LLC (SIMONEAU

ELECTRIC), as it relates to damages arising from an automobile accident involving an

automobile owned by SIMONEAU ELECTRIC.

2.     This action for Declaratory Judgment is brought pursuant to 28 U.S.C. § 2201 *et seq.*, for the purpose of determining a question in actual controversy between the parties as described in detail herein.

## JURISDICTION, VENUE AND PARTIES

3.     This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the parties are citizens of different states and the amount in controversy, exclusive of interest and cost, is in excess of $75,000.00.

4.     Venue for this matter exists under 28 U.S.C. § 1391(a), as all defendants reside in the district and a substantial part of the events or omissions giving rise to the claim occurred in this district.

5.     Prior to 2010, NORTH POINTE was a Michigan corporation with its principal place of business in Southfield, Michigan. In 2010, NORTH POINTE was re-domesticated in Pennsylvania. At all material times hereto, NORTH POINTE was authorized under the laws of the state of Florida to conduct business as a foreign corporation issuing policies of insurance for delivery to policyholders within Florida.

6.     At all material times hereto, Defendant SIMONEAU ELECTRIC was and is a Florida limited liability company with its principal place of business at 1628 Otis Road, Jacksonville, Florida.

7.     At all times material hereto, Defendant MICHAEL SIMONEAU (SIMONEAU) was and is a citizen of the State of Florida residing in Jacksonville, Florida.

8.     At all times material hereto, Defendant ANTHONY B. DAVIS (DAVIS) was and is a citizen of the State of Florida residing in Jacksonville, Florida.

9.      At all times material thereto, Defendant ROBERT THOMPSON (THOMPSON) was and is a citizen of the State of Florida residing in Jacksonville, Florida.

10.     At all times material hereto, Defendant DANIEL HANCOCK (HANCOCK) was and is a citizen of the State of Florida residing in Jacksonville, Florida.

11.     At all times material hereto, Defendant DARREL W. CARVER (CARVER) was and is a citizen of the State of Florida residing in Jacksonville, Florida.

12.     At all times material hereto, Defendant RONNIE'S FOOD MART (RONNIE'S) was and is a Florida for-profit business entity with a principal place of business located in Jacksonville, Florida.

13.     Based on the above, there is complete diversity between the Plaintiff and the Defendants and the amount in controversy, exclusive of interest or costs, exceeds the jurisdictional requirements for diversity jurisdiction.

14.     Accordingly, there is original jurisdiction in this Court and Plaintiff respectfully requests this action proceed, pursuant to 28 U.S.C. Section 1332, *et. seq.*

## OPERATIVE FACTS

15.     NORTH POINTE files this action for declaratory judgment with respect to the claims, asserted against SIMONEAU ELECTRIC for indemnification, coverage and/or defense, arising from an automobile accident involving an automobile owned by SIMONEAU ELECTRIC and occurring on November 21, 2012 (the accident).

16.     On the date of the accident, SIMONEAU ELECTRIC was the named insured on a Commercial General Liability Policy issued by NORTH POINTE, bearing policy number 3094115662 with a policy period of February 1, 2012 to February 1, 2013 (the Policy), and providing insurance coverage to SIMONEAU ELECTRIC for liability arising out of its operations relating to electrical work. (A true and correct copy of the Policy is attached hereto as

Exhibit "A").

17.    Upon information and belief, SIMONEAU is a member of SIMONEAU ELECTRIC and as such is an insured under the Policy, but only with respect to SIMONEAU ELECTRIC's business which, according to the declarations page of the Policy, is electrical work within buildings.

18.    Upon information and belief, CARVER, is not a member of SIMONEAU ELECTRIC, nor is he a manager thereof, and thus is not an insured under the Policy.

19.    The Policy provides applicable coverage limits of $1,000,000 each occurrence, $5,000 per person for medical expenses, and a $2,000,000 aggregate.

20.    The Policy does not provide commercial automobile liability insurance.

21.    On the date of the accident, CARVER, residing at the personal residence of SIMONEAU, took SIMONEAU ELECTRIC's registered automobile, for personal use.

22.    Upon information and belief, the SIMONEAU ELECTRIC registered automobile was garaged at SIMONEAU's private residence.

23.    The SIMONEAU ELECTRIC automobile was not insured under the Policy.

24.    The SIMONEAU ELECTRIC automobile was insured under an commercial automobile liability policy issued by Progressive Insurance Company.

25.    While operating the SIMONEAU ELECTRIC automobile, CARVER collided with an automobile operated and owned by DAVIS. As a result of the collision CARVER lost control of the vehicle and entered the parking lot of RONNIE'S, which also owns and maintains gas pumps on its premises.

26.    Upon entering the parking lot, the SIMONEAU ELECTRIC automobile struck an automobile owned by THOMPSON, as well as the gas pump where the THOMPSON auto was

4

parked. The collision resulted in damage to the gas pump and to THOMPSON's automobile, as well as serious bodily injury to THOMPSON.

27.    The SIMONEAU ELECTRIC automobile then struck a motorcycle, owned by HANCOCK, which was also parked at the gas pumps. The collision resulted in damage to the motorcycle and caused HANCOCK to be ejected from the motorcycle sustaining serious bodily injury.

28.    As a result of the accident, RONNIE'S sustained damage to the gas pumps and was closed for business for an undetermined period of time.

29.    As indicated above, as a result of the accident, the named defendants in this action, DAVIS, THOMPSON, HANCOCK and RONNIE'S, sustained numerous injuries and damages.

30.    On February 4, 2013, counsel on behalf of THOMPSON made a demand upon NORTH POINTE for the $1,000,000 policy limit as a result of the injuries sustained by THOMPSON in the accident.

31.    Upon information and belief, NORTH POINTE believes DAVIS, HANCOCK and RONNIE'S will also make demands under the NORTH POINTE Policy for the injuries and damages each sustained in the accident.

### COUNT I – DECLARATORY JUDGMENT

NORTH POINTE incorporates by reference the allegations contained in paragraphs 1 through 31, as if more fully set forth herein at length.

32.    NORTH POINTE asserts there is no coverage under its Policy for any injuries and damages sustained by DAVIS, THOMPSON, HANCOCK and RONNIE'S in accordance with the terms of the General Liability Insurance Policy issued to SIMONEAU ELECTRIC.

33.     In accordance with the Policy's Insuring Agreement, NORTH POINTE agreed as follows:

1.     **Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

*       *       *       *

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory".

(2) The "bodily injury" or "property damage" occurs during the policy period.

(Exhibit "A", Insuring Agreement (Section I – Coverages, Coverage A Bodily Injury and Property Damage Liability, Paragraph 1, Form No. CG 00 01 12 07, page 1 of 16).

34.     The Policy also contains the following exclusion:

**g. Aircraft, Auto Or Watercraft**

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured.  Use includes operation and "loading or unloading".

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

6

(Exhibit "A", Coverage A Bodily Injury and Property Damage Liability, Form No. CG 00 01 12 07, Exclusion g., Page 4 of 16.)

35.     The Policy provides the following definitions relevant to the coverage issues surrounding this claim:

> 2. "Auto" means:
>
> a. A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or
>
> b. Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state where it is licensed or principally garaged.
>
> However, "auto" does not include "mobile equipment".
>
> *     *     *     *
>
> 3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.
>
> *     *     *     *
>
> 13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
>
> *     *     *     *
>
> 17. "Property damage" means:
>
> a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
>
> b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

36.     The automobile owned by SIMONEAU ELECTRIC was a land motor vehicle designed for travel on public roadways.

37.     At the time of the accident, the automobile being used and/or operated by CARVER was owned by SIMONEAU ELECTRIC.

38.     The use and/or operation of the automobile owned by SIMONEAU ELECTRIC at the time of the accident did not involve the operation or conduct of SIMONEAU ELECTRIC'S business.

39.     The accident which caused the "bodily injury" or "property damage" of DAVIS, THOMPSON, HANCOCK and RONNIE'S involved the ownership and/or use of an automobile that was owned by SIMONEAU ELECTRIC.

40.     There is no coverage under the Policy for any claims of "bodily injury" or "property damage" that can be asserted by DAVIS, THOMPSON, HANCOCK or RONNIE'S against SIMONEAU ELECTRIC, SIMONEAU or CARVER as a result of the accident in accordance with the terms of the Policy, and in particular Exclusion (g).

41.     NORTH POINTE has a present *bona fide* need for a declaration with respect to its rights and obligations under the Policy as to its obligation to defend and potentially indemnify SIMONEAU ELECTRIC, SIMONEAU or CARVER in the Underlying Action.

42.     The facts necessary for this Honorable Court to render NORTH POINTE'S Declaration of Rights is set forth in this Complaint or are ascertainable by this Court.

43.     NORTH POINTE'S rights under the Policy and Florida law are dependent on this Honorab2e Court's findings of fact and/or application of applicable statutory and case law.

44.     The Defendants' interest in this Declaration of Rights are actual, present, adverse, and antagonistic in fact and/or in law to NORTH POINTE'S interest.

45.     NORTH POINTE seeks relief in order to determine and enforce contractual/legal rights under the Policy, not merely to seek legal advice from this Honorable Court.

WHEREFORE, NORTH POINTE INSURANCE COMPANY hereby respectfully requests this Court enter a judgment in its favor and against the Defendants:

8

a)      Declaring any claims for "bodily injury" or "property damage" arising out of the accident are excluded from coverage under the NORTH POINTE Policy;

b)      Declaring NORTH POINTE has no duty to indemnify and/or defend SIMONEAU ELECTRIC LLC, MICHAEL SIMONEAU or DARREL W. CARVER for any of the claims for "bodily injury" or "property damage" asserted against them as a result of the accident;

c)      Declaring there is no coverage under the Policy for any claim of "bodily injury" that has been made or may be made by the Defendants;

d)      Declaring there is no coverage under the Policy for any claim of "property damage" that has been made or may be made by the Defendants;

e)      Declaring the Defendants are estopped from pursuing a claim, defense and/or indemnity against NORTH POINTE for any claims arising from the accident.

NORTH POINTE INSURANCE COMPANY respectfully requests such further relief as this Court may deem appropriate, including but not limited to costs incurred in this action.


Respectfully submitted this 26th day of February, 2013.

**MARSHALL, DENNEHEY, WARNER COLEMAN & GOGGIN**

By:

Troy Beecher
Florida Bar No.: 37348
315 East Robinson Street, Suite 550
Orlando, FL 32801
Phone: (407) 420-4413
Fax:  (407) 839-3008
ttbeecher@mdwcg.com

Stephen J. Poljak
Florida Bar No. 81717
100 NE 3rd Avenue, 11th Floor
Fort Lauderdale, FL 33301
Telephone: (954) 847-4947
Facsimile: (954) 627-6640
sjpoljak@mdwcg.com

Attorneys for NORTH POINTE INSURANCE COMPANY