**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

NORTH POINTE INSURANCE COMPANY,

      Plaintiff,

vs.                             CASE NO. 3:13-cv-208-J-99TJC-TEM

SIMONEAU ELECTRIC, LLC,
MICHAEL SIMONEAU, DARRELL W.
CARVER, ANTHONY B. DAVIS, ROBERT
THOMPSON, DANIEL HANCOCK, and
RONNIE'S FOOD MART,

      Defendants.

_____

## REPORT AND RECOMMENDATION[1]

      This case is before the Court on Plaintiff's Motion and Incorporated Memorandum of Law for Final Default Judgment (Doc. 24), filed June 27, 2013.  Plaintiff initiated this action against Defendants on February 26, 2013.  In the Complaint, Plaintiff requests declaratory judgment as to its insurance coverage obligations in regard to an automobile accident that took place on November 21, 2012 (the "Accident").  *Id.* at 3-9.  Additionally, Plaintiff seeks to estop Defendants from pursuing claims against Plaintiff for the Accident. *Id.* at 9.

      The record reflects the Clerk entered default against Defendants Michael Simoneau, Ronnie's Food Mart, Daniel Hancock, and Anthony B. Davis on April 4, 2013 (Docs. 9, 10, 11 & 12).  The Clerk entered default against Defendant Simoneau Electric, LLC on April 9,

---

[1]   Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation.  Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); and, Local Rule 6.02(a), United States District Court for the Middle District of Florida.

2013 (Doc. 14).   The Clerk entered default against Defendants Robert Thompson and

Darrel W. Carver on June 24, 2013 (Docs. 22 & 23).   On June 27, 2013, Plaintiff filed the

instant motion, in which Plaintiff requests entry of default judgment against all Defendants

pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.[2]   None of the Defendants

have responded and the time to do so has expired.   Upon due consideration, the

undersigned respectfully recommends Plaintiff's motion be **GRANTED**.

Rule 55 of the Federal Rules of Civil Procedure provides the requirements for entry

of a default judgment.   *See* Fed. R. Civ. P. 55(b)(2).   A default judgment may be entered

"against a defendant who never appears or answers a complaint, for in such

circumstances, the case never has been placed at issue."   *Solaroll Shade & Shutter Corp.*

*v. Bio-Energy Sys.*, 803 F.2d 1130, 1134 (11th Cir. 1986).   All well-pleaded allegations of

fact are deemed admitted upon entry of default.   *Cotton v. Mass Mut. Life Ins. Co.*, 402

F.3d 1267, 1277-78 (11th Cir. 2005).   However, before entering a default judgment, a court

must confirm that it has jurisdiction over the claims and that the complaint adequately

states a claim for which relief may be granted.   *See Nishimatsu Const. Co. v. Houston Nat.*

*Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[3]

---

[2] Plaintiff's original motion contained an assertion that Plaintiff is entitled to recover its attorney's fees in this action.  However, since neither the Complaint nor the motion identified any legal basis for such a fee award, the Court ordered Plaintiff to submit additional legal briefing on the issue (Doc. 25).  On July 18, 2013, Plaintiff submitted a response to the Court's Order averring the request for fees was presented in error and it thus withdrew its request for such (Doc. 26). Accordingly, Plaintiff avers it seeks only entry of judgment that it does not owe any of the Defendants in this action a defense or indemnity for any claims arising from the accident.

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

In addition to the requirements set forth in Rule 55, the Servicemembers Civil Relief Act ("SCRA"), imposes an additional burden on a plaintiff seeking to obtain a default judgment against an individual defendant. Pursuant to § 521 of the SCRA, in any civil action in which a defendant fails to appear:

> [T]he court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit -
>
> (A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or
>
> (B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service.

50 U.S.C. app. § 521(b)(1). Here, Plaintiff has provided affidavits establishing that none of the five individual defendants are currently members of the Armed Forces of the United States (*see* Docs. 28, 29, 30, 31, & 32). Accordingly, Plaintiff has complied with the requirements of the SCRA, and there is no impediment to entry of default judgment if jurisdiction and liability are established.

## I. Jurisdiction

Plaintiff alleges this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) and the Federal Declaratory Judgment Statute, 28 U.S.C. § 2201, et seq. Diversity jurisdiction exists when the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332(a). In the Complaint, Plaintiff alleges it is a citizen of the state of Michigan, Defendants are all citizens of the state of Florida, and the amount in controversy exceeds $75,000. When the validity of an insurance contract is at stake, the amount in controversy is the face value of the policy. *See Guardian Life Ins. Co. of America v. Muniz*, 101 F.3d

3

93, 94 (11th Cir. 1996); *McPhillips v. Nationwide Ins. Co.*, No. 2:11cv643-MHT, 2011 WL 5007832, at *2 (M.D. Ala. Oct. 20, 2011).[4]   Here, the well-pleaded factual allegations establish there is diversity of citizenship between the parties and the policy's face value is in excess of $75,000.   Thus, this Court has jurisdiction over this action.

## II. Liability

The well-pleaded factual allegations made in Plaintiff's Complaint (Doc. 1) are deemed admitted by Defendants by virtue of the Clerk's entry of default.   *Cotton v. Mass Mut. Life Ins. Co.*, 402 F.3d 1267, 1277-78 (11th Cir. 2005) (citations omitted).   Title 28 United States Code § 2201 provides, "In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interest party seeking such declaration, whether or not further relief is or could be sought.   28 U.S.C. § 2201(a).   In accordance with the requirements of Article III of the Constitution, this statute, known as the Declaratory Judgment Act, specifically provides that a district court may issue a declaratory judgment only in the case of an actual controversy where the facts alleged present a "substantial continuing controversy between two adverse parties." *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1347 (11th Cir. 1999).   "The plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred.   Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury." *Id.* (quoting *Emory v. Peeler*, 756 F.2d 1547, 1551-52 (11th Cir. 1985)).

---

[4] Unpublished opinions are not considered binding authority; however, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules.  11th Cir. R. 36-2.

In the Complaint, Plaintiff alleges it issued Commercial General Liability Policy number 3094115662 (the "Policy") to Simoneau Electric, LLC providing insurance coverage for liability arising out of its operations relating to electrical work.  A copy of the Policy setting forth its terms is attached as Exhibit A to the Complaint.  Plaintiff contends Darrell W. Carver, who resides at the personal residence of Michael Simoneau, took Simoneau Electric's registered automobile for personal use on November 21, 2012.  Plaintiff contends the automobile is not insured under the Policy, but is insured under a commercial automobile liability policy issued by Progressive Insurance Company.  While operating the automobile, Carver collided with an automobile operated by Anthony B. Davis.  As a result of the collision, Carver lost control of the vehicle and entered the parking lot of Ronnie's Food Mart, which also owns and maintains gas pumps on its premises.  Upon entering the parking lot, the Simoneau Electric automobile struck an automobile owned by Robert Thompson, as well as the gas pump where Thompson's automobile was parked.  The collision resulted in damage to Ronnie Food Mart's gas pump and to Thompson's automobile, as well as serious bodily injury to Thompson.  The Simoneau Electric Automobile then struck a motorcycle owned by Daniel Hancock, resulting in damage to Hancock's motorcycle and causing serious bodily injury to Hancock.  On February 4, 2013, counsel on behalf of Thompson made a demand upon Plaintiff for the $1,000,000 Policy limit as a result of the injuries sustained by Thompson in the accident.  Plaintiff alleges upon its information and belief, it believes Davis, Hancock and Ronnie's Food Mart will also make demands under the Policy for the injuries and damages sustained in the accident.

Plaintiff asserts there is no coverage under its Policy for any injuries or damages sustained by Davis, Thompson, Hancock and Ronnie's Food Mart.  Plaintiff contends the

accident which caused the "bodily injury" or "property damage" of Davis, Thompson, Hancock and Ronnie's Food Mart involved the ownership and/or use of an automobile owned by Simoneau Electric.  Plaintiff contends there is no coverage under the Policy for any claims of "bodily injury" or "property damage" that can be asserted by Davis, Thompson, Hancock or Ronnie's Food Mart against Simoneau Electric, Simoneau or Carver, because the Policy contains the following exclusion:

> g. Aircraft, Auto or Watercraft
>
> "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured.  Use includes operation and "loading or unloading."
>
> This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

Doc. 1-1 at 29; Exhibit "A", Coverage A Bodily Injury and Property Damage Liability, Form No. CG 00 01 12 07, Exclusion g., Page 4.

Plaintiff asserts it has a present bona fide need for a declaration of its rights and obligations under the Policy to defend or indemnify Simoneau Electric, Simoneau or Carver, or to pay damages under the Policy, and it is not merely seeking legal advice from the Court.  Plaintiff asserts Defendants' interests in this matter are actual, present, adverse, and antagonistic to Plaintiff's.  Based on the foregoing allegations, the Court finds Plaintiff has stated a claim for which relief may be granted.  Defendants, by their default, are deemed to have admitted these allegations, and therefore, default judgment is due to be entered against them.  *See First Acceptance Ins. Co. v. Ramirez*, No. 3:08-cv-1078-J-

34JRK, 2010 WL 724400 (M.D. Fla. Feb. 25, 2010) (granting motion for default judgment in a similar declaratory action); *QBE Ins. Co. v. Metro. Glass Co.*, No. 07-0075-WS-M, 2007 WL 987476, at *2 (S.D. Ala. Mar. 28, 2007) ("[T]he legal effect of Metropolitan's default is that is has now admitted the facts recited in the Complaint which are sufficient to establish the propriety of entry of a declaratory judgment in QBE's favor.").

## III. Conclusion

Accordingly, the Court finds that it has jurisdiction over this matter, that Defendants are in default, that the allegations in the Complaint state a claim for which relief may be granted, and that Plaintiff has complied with the requirements of the SCRA.  In light of these findings, default judgment is due to be entered against Defendants.

Therefore, upon due consideration, it is respectfully **RECOMMENDED** Plaintiff's Motion and Incorporated Memorandum of Law for Final Default Judgment (Doc. 24) be **GRANTED**, and the Clerk be directed to enter judgment in favor of Plaintiff and against Defendants.

**DONE AND ENTERED** at Jacksonville, Florida this 19th day of August, 2013.

THOMAS E. MORRIS
United States Magistrate Judge

Copies to:

Hon. Timothy J. Corrigan
United States District Judge

All counsel of record

7

Simoneau Electric, LLC
c/o Rowland Williams
1628 Otis Road
Jacksonville, FL 32220

Michael Simoneau
1628 Otis Road
Jacksonville, FL 32220

Darrel W. Carver
4727 Lannie Road
Jacksonville, FL 32218

Anthony B. Davis
6425 Diamond Leaf Drive
Jacksonville, FL 32244

Robert Thompson
13641 Old Plank Road
Jacksonville, FL 32220

Daniel Hancock
604 Pinebrook Drive East
Jacksonville, FL 32220

Ronnie's Food Mart
c/o Rimoun Safar
2340 Saragossa Avenue
Jacksonville, FL 32217