UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NORTH POINTE INSURANCE COMPANY,

        Plaintiff,

vs.                                           Case No.  3:13-cv-208-J-99TJC-TEM

SIMONEAU ELECTRIC, LLC,
MICHAEL SIMONEAU, DARRELL W.
CARVER, ANTHONY B. DAVIS, ROBERT
THOMPSON, DANIEL HANCOCK, and
RONNIE'S FOOD MART,

        Defendants.
_____

## ORDER

This case is before the Court on the Plaintiff North Pointe Insurance Company's ("Plaintiff") Motion and Incorporated Memorandum of Law For Final Default Judgment ("Motion for Default Judgment") (Doc. 24) and Plaintiff's Motion and Incorporated Memorandum to Strike Defendant Daniel Hancock's Notice of Serving Demand ("Motion to Strike") (Doc. 38).

Upon review of the Motion for Default Judgment, and after Plaintiff filed additional affidavits in order to comply with the Servicemembers Civil Relief Act, 50 U.S.C. app. § 521(b), on August 19, 2013, the United States Magistrate Judge issued a Report and Recommendation recommending that the Motion for Default Judgment be granted and the Clerk be directed to enter judgment in favor of Plaintiff and against Defendants. (Doc. 34.) No party has filed an objection to the Report and Recommendation at present, and the time in which to do so has passed.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); M.D. Fla. R. 6.02(a).

While reviewing the file during its consideration of the Motion for Default Judgment

and the Report and Recommendation, the Court saw reference in the Complaint to a February 4, 2013 demand letter to Plaintiff from counsel for Defendant Robert Thompson ("Thompson") (see Doc. 1 at ¶ 30).  The letter was not attached to the Complaint, however.  Out of an abundance of caution, on September 13, 2013, the Court directed Plaintiff to file a copy of the letter, as well as any similar letters or demands from other parties.  (Doc. 35.)  Plaintiff filed the Thompson demand letter later that day.  (Doc. 36.)

On September 19, 2019, counsel for Defendant Daniel Hancock ("Hancock") filed a notice of serving a demand on Plaintiff (Doc. 37.)  Counsel did not, however, file on behalf of Hancock any appearance, responsive pleading to the Complaint, or objection to the Report and Recommendation.  On October 7, 2013, Plaintiff moved to strike the notice.  (Doc. 38.)  No response to the motion has been filed.

In order to confirm that default judgment was indeed appropriate, the Court set a December 12, 2013 telephone hearing on the pending motions, directing all parties and counsel to appear, including counsel for Hancock and Thompson.  (Doc. 40.)  The Clerk mailed copies of the order setting the hearing to each defendant and to counsel for Hancock and Thompson.  (Doc. 40.)  Only counsel for Plaintiff and Hancock appeared at the hearing.  During the hearing, counsel for Hancock withdrew his notice of serving a demand and confirmed that Hancock would not be appearing in this case to oppose entry of default judgment.  The record of the hearing is incorporated herein.

Upon independent review of the file, and for the reasons stated in the Report and Recommendation (Doc. 34) and at the December 12, 2013 hearing, it is hereby

**ORDERED**:

1. Defendant, Daniel Hancock's Notice of Serving Demand to North Point

Insurance Company (Doc. 37) and the Motion to Strike (Doc. 38) are **WITHDRAWN**.

2. The Report and Recommendation (Doc. 34) of the Magistrate Judge is **ADOPTED** as the opinion of the Court.

3. The Motion for Default Judgment (Doc. 24) is **GRANTED**.

4. The Clerk of Court is directed to enter judgment for Plaintiff North Pointe Insurance Company and against Defendants, stating that each party shall bear its own fees and costs in this case, and declaring that:

(a) pursuant to the policy bearing policy number 3094115662, North Pointe Insurance Company does not owe any indemnity to the named Defendants for any damages that may be awarded against any of them as to the incident that took place on November 21, 2012 involving the auto owned by Simoneau Electric, LLC and entrusted to driver John Doe which allegedly caused bodily injury and property damages to the remaining Defendants herein; and

(b) North Pointe Insurance Company does not owe any of the Defendants a defense for the claims asserted against any of them regarding the November 21, 2012 incident.[1]

5. The Clerk of Court is further directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida, on this 9th day of January, 2014.

TIMOTHY J. CORRIGAN
United States District Judge

---

[1] This is the form of declaratory judgment requested by Plaintiff in its Motion for Default Judgment (Doc. 24).

bjb.
Copies:

Honorable Patricia D. Barksdale
United States Magistrate Judge

Counsel of Record

Charles A. Sorenson
Coker, Schickel, Sorenson & Posgay, P.A.
P.O. Box 1860
136 East Bay Street
Jacksonville, FL 32202

Seth A. Pajcic
Pajcic & Pajcic
One Independent Drive, Suite 1900
Jacksonville, FL  32202-5013

Simoneau Electric, LLC
c/o Rowland Williams
1628 Otis Road
Jacksonville, FL 32220

Michael Simoneau
1628 Otis Road
Jacksonville, FL 32220

Darrel W. Carver, Jail No. 2012034804
4727 Lannie Road
Jacksonville, FL 32218

Anthony B. Davis
6425 Diamond Leaf Drive
Jacksonville, FL 32244

Robert Thompson
13641 Old Plank Road
Jacksonville, FL 32220

Daniel Hancock
604 Pinebrook Drive East
Jacksonville, FL 32220

Ronnie's Food Mart
c/o Rimoun Safar
2340 Saragossa Avenue
Jacksonville, FL 32217